UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR05-00273 RSM |
| Plaintiff, | ORDER GRANTING IN PART MOTION FOR RESENTENCING |
| v. | |
| TERRY LAMELL EZELL, | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Terry Ezell's Motion for Resentencing. Dkt. #148. Mr. Ezell requests a new sentencing hearing pursuant to the First Step Act of 2018. *Id*. The government opposes this request. Dkt. #155.

## II.   BACKGROUND

The indictment in this case charged Mr. Ezell with possession of 5 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possessing a firearm as an Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkt. #79. On March 10, 2008, following a bench trial, this Court acquitted Mr. Ezell of Count 2, but convicted him of Counts 1 and 3.

ORDER GRANTING IN PART MOTION FOR RESENTENCING - 1

Dkt. #108. At trial, Mr. Ezell signed a stipulation admitting that the drugs found in his car's center console included 42.4 grams of cocaine base in the form of crack cocaine. Dkt. #104.

Based on the amount of crack cocaine found, Mr. Ezell faced a five-year mandatory minimum and forty-year maximum prison term for Count 1. 21 U.S.C. § 841(b)(1)(B)(iii) (2005). Because the Government alleged he had three or more convictions constituting "violent felonies" as defined in 18 U.S.C. § 924(e)(2)(B), Mr. Ezell also faced a mandatory minimum fifteen-year and maximum life term of imprisonment as an Armed Career Criminal on Count 3. 18 U.S.C. § 924(e)(1). At sentencing, this Court determined that the prior second-degree assault and burglary convictions were "violent felonies" for purposes of the ACCA, and that the assaults and second-degree burglary involving a residence were also "crimes of violence" for purposes of the Career Offender Guideline, USSG § 4B1.1. Dkt. #130 at 28-33. Applying the Career Offender Guideline, this Court then found Mr. Ezell's total offense level to be 34, his Criminal History Category VI, with a resulting advisory Guidelines range of 262-327 months. Dkt. #130 at 33. This Court sentenced Mr. Ezell to serve two concurrent 262-month prison terms, one for each count. Dkt. #123.

At the time, the Anti-Drug Abuse Act of 1986 provided for a sentencing range of up to 20 years if the offense involved less than 5g or an unspecified amount of crack cocaine, and 5 to 40 years if the offense involved 5 grams to 50 grams of crack cocaine. 21 U.S.C. § 841(b) (1996). On August 3, 2010, Congress enacted the Fair Sentencing Act. Section 2 altered the penalty structure for cocaine base offenses. For offenses involving less than 28g or an unspecified amount of cocaine base, the sentencing range is now up to 20 years. 21 U.S.C. § 841(b). On December 21, 2018, Congress enacted the First Step Act of 2018. Section 404

ORDER GRANTING IN PART MOTION FOR RESENTENCING - 2

made retroactive the portions of the Fair Sentencing Act that lowered the statutory penalties applicable to certain offenses involving cocaine base. First Step Act, § 404(b).

Mr. Ezell has now filed this Motion for reduction in sentence based on Section 404 of the First Step Act. He is housed at the Federal Correction Institution at Sheridan, Oregon, and has a projected release date of April 2, 2024.

### III. DISCUSSION

#### a. Eligibility for Sentencing Reduction

Section 404 states that the provisions of the First Step Act apply to "Covered Offenses," defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010... that was committed before August 3, 2010." First Step Act, § 404(a). However, "[c]ourts retain discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require a court to reduce any sentence.'" *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 U.S. Dist. LEXIS 95657, 2019 WL 2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)).

The Government first argues that Mr. Ezell is not eligible for sentencing reduction because the amount of cocaine in question places this case outside those where the sentencing range was modified by the First Step Act. Mr. Ezell committed the offense of Possession of Cocaine Base in the Form of Crack Cocaine with Intent to Distribute before August 3, 2010. He was charged in the indictment with possessing five grams or more. *See* Dkt. #79. Section 2 of the Fair Sentencing Act modified the statutory penalties for that offense, reducing the sentencing range from 5 to 40 years to imprisonment for up to 20 years. Although the government points to the fact that Mr. Ezell stipulated to possessing 42.4 grams, Mr. Ezell is

correct that "[t]here is no express language in the four corners of § 404 of the First Step Act which limits eligibility based on stipulations, admissions, findings or determinations regarding the amount of crack cocaine in the underlying offense." Dkt. #148 at 10. Mr. Ezell argues that under the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), "the statutory minimum and maximum penalties must be based on the specific offense charged in the indictment and proven beyond a reasonable doubt at trial, and not based on underlying facts established by some other means, such as at sentencing." Dkt. #148 at 12. Accordingly, although Mr. Ezell may have stipulated to possessing an amount of cocaine that would lead to a sentence not modified by the First Step Act, he was only charged in the indictment with an amount that would lead to a sentence that was so modified. The Court has reviewed the law cited by both parties and determined that, given the facts of this case, the Court has the authority to impose a reduced sentence for Count One under the First Step Act. *See, e.g., United States v. Smith*, 379 F.Supp.3d 543, 546-47 (W.D. Va. May 13, 2019); *United States v. Dodd*, 372 F. Supp. 3d 795, 797 (S.D. Iowa 2019); *United States v. Pierre*, 372 F. Supp. 3d 17, 20-22 (D.R.I. 2019); *see also* Dkt #157 at 3–4 (citing cases).

The Government suggests Mr. Ezell's second concurrent sentence for possession of a firearm renders moot a resentencing on the first count alone. However, "[w]hen a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes 'unbundled.'" *United States v. Davis*, 854 F.3d 601, 606 (9th Cir. 2017) (citing *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000)). Under these circumstances, vacating the sentence is required in order to allow the district court "to put together a new package reflecting its considered judgment as to the punishment the defendant

ORDER GRANTING IN PART MOTION FOR RESENTENCING - 4

deserve[s] for the crimes of which he . . . [remains] . . . convicted." *Id*. "When a district court imposes multiple sentences on a defendant, the degree to which each offense contributes to the total sentence is usually affected by the other offenses of conviction. Thus, remand of all sentences is often warranted," even when only one conviction is vacated. *United States v. Jayavarman*, 871 F.3d 1050, 1066 (9th Cir. 2017) (quoting *United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010)).

The Court finds that Mr. Ezell is eligible for resentencing in this case. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Terry Ezell's Motion for Resentencing (Dkt. #148) is GRANTED IN PART as stated above. The Court DIRECTS the parties to submit briefing on the remaining question of whether, and to what extent, Mr. Ezell's sentence should be reduced. This briefing is due no later than **twenty-one (21) days from the date of this Order**. Based on a review of this briefing, the Court will determine whether a hearing is necessary.

DATED this 3rd day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE