UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY LAMELL EZELL,<br><br>Defendant. | Case No. CR05-273RSM<br><br>ORDER DENYING MOTION TO WITHDRAW ADMISSIONS TO SUPERVISED RELEASE VIOLATIONS 1 AND 5 |

This matter comes before the Court on Defendant Terry Ezell's "Motion to Withdraw Admissions to Supervised Release Violations 1 and 5." Dkt. #220. Mr. Ezell moves for an order vacating his admissions to supervised release violations 1 and 5, entered on September 16, 2022. *Id*. The government opposes this request. Dkt. #225.[1]

The Court need not discuss the lengthy procedural history here to decide this Motion. In 2008, the Court sentenced Mr. Ezell to 262 months for gun and drug crimes. In 2020, the Court reduced this under the First Step Act to credit for time served with a term of supervised release. In April 2021, Mr. Ezell was charged with two supervised-release violations: Violation 1 was possessing a firearm as a felon in April 2021, based on a Ruger pistol found in his apartment; Violation 2 was failing to report for drug testing in March 2021. Dkt. #175. In a

---

[1] On September 11, 2024, the Government amended its Response after conferring with defense counsel, apparently to remove certain arguments. *See* Dkts. #222 and #225. The Court has not relied on the removed arguments in this Order.

ORDER DENYING MOTION TO WITHDRAW ADMISSIONS TO SUPERVISED RELEASE VIOLATIONS 1 AND 5 - 1

separate prosecution under a new case number, CR21-62RSM, a federal grand jury indicted Ezell on two counts of possessing firearms as a felon. Later, U.S. Probation charged Ezell with three more supervised-release violations: Violation 3 alleged that Ezell associated with a known felon in October 2020. Violation 4 charged him with possessing a firearm in October 2020, based on his possession of a Springfield pistol found in his glovebox. Violation 5 charged Ezell with assault in January 2021. Dkt. #188.

In the new case, Ezell pleaded guilty to being a felon in possession of the Springfield pistol found in his glovebox. No. CR21-62RSM, Dkt. #52. In both the new case and the revocation proceedings here, Ezell was represented by Nicholas Vitek from the Criminal Justice Act panel of this District.

Mr. Ezell appeared before the Court on September 16, 2022, for sentencing on his guilty plea and for disposition on the five alleged supervised release violations. The Court began by noting that it had reviewed the parties' filings and U.S. Probation's filings in both cases. Dkt. #220-1, Ex. 2 at 2–3. The Court stated, "Mr. Vitek, let me ask you, just to get our record straight, it's my understanding, Counsel, that Mr. Ezell is willing to admit to several of these, and then the Court by reviewing the documentation submitted by the government can determine whether or not violations one and five have, in fact, been committed." *Id*. at 6. Mr. Vitek stated, "just a moment," then "Your Honor, Mr. Ezell is going to admit to all the violations; our issue isn't with the violations, our issues are with the guideline calculations and the overall recommendation and overall sentence of the Court." *Id*. The Court then took the extra step of turning to Mr. Ezell personally to say:

> And, Mr. Ezell, I just want to make sure that we get the record straight here. So there are five alleged violations. I just had Ms. Becker go over them just to be sure. You understand, you know, that the underlying convictions here and all this other stuff is what

ORDER DENYING MOTION TO WITHDRAW ADMISSIONS TO SUPERVISED RELEASE VIOLATIONS 1 AND 5 - 2

> leads to these violations being alleged. And you always -- obviously, we had scheduled it for an evidentiary hearing. And the parties got together and said, no, there's no need for one, and that's what brings us here today, but these are your rights. And you can waive your rights to have the government prove each of these alleged violations. Or, because these are your rights, you can say, no, I'm willing to admit them, and then the only question is what do we do in terms of disposition for those. And then, of course, we have the sentencing on the new conviction as well. Do you understand?

*Id*. at 6–7.  Mr. Ezell himself responded "Yes, sir," according to the transcript.  *Id*. at 7.  The Court did not stop there, asking again "[a]re you willing to admit these five violations?"  *Id*.  Mr. Ezell responded, "I do" and the Court stated that it was satisfied he understood his rights.  *Id*.

The Court revoked his supervised release, as required. 18 U.S.C. § 3583(g)(2).  The Court then turned to sentencing in both cases. Adopting U.S. Probation's calculations in both cases, the Court sentenced Ezell at the bottom of the Guidelines range in each case: 51 months in the revocation case and a consecutive 70 months in the new case. Dkt. #220-1, Ex. 2 at 28–32; Dkt. #198. In explaining the sentences, the Court emphasized Ezell's breach of the trust it showed him at the 2020 resentencing when it reduced his 262-month prison sentence to time served.  Dkt. #220-1, Ex. 2 at 29.  At the end of the hearing, Ezell's counsel reviewed a copy of the draft judgment in each case and confirmed that the defense had no objections.  *Id*. at 34–35.

Mr. Ezell appealed his conviction and sentence in the new felon-in-possession case and his sentence in this revocation case.  *United States v. Ezell*, Nos. 22-30164 & 22-30165 (9th Cir.) (consolidated).  On appeal, he requested remand for resentencing but did not dispute the validity of any of his five admissions underlying the revocation of his supervised release.  The Government agreed that remand for resentencing was needed, as the 51-month prison sentence exceeded the statutory maximum.

ORDER DENYING MOTION TO WITHDRAW ADMISSIONS TO SUPERVISED RELEASE VIOLATIONS 1 AND 5 - 3

In a November 2023 decision, the Ninth Circuit affirmed the Court's sentencing in the new felon-in-possession case. Dkt. #207; *see also United States v. Ezell*, Nos. 22-30164 & 22-30165, 2023 WL 7982618, at *1 (9th Cir. Nov. 17, 2023).  But for this revocation case the Ninth Circuit agreed that the 51-month sentence exceeded the correct statutory maximum and thus "vacate[d] and remand[ed] the sentence for the Supervised Release Violations." *Id*. at *2.

A few months later, in June 2024, Ezell obtained new counsel. Dkt. #217. Then, in August 2024, he filed the instant Motion to withdraw his 2022 admissions to supervised-release Violations 1 and 5.  Dkt. #220.

The Government suggests the Court deny the instant Motion for four reasons. The Court will start with the first:

> Given the "clear evidence that the scope of [the] remand was limited to the single sentencing issue raised" in Ezell's appeal, this Court would be "without authority to reexamine" other issues now. *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam). The "rule of mandate" precludes this Court from considering the validity of the revocation or underlying admissions. *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). As the Ninth Circuit has explained, limiting the issues a district court may consider on remand serves the interests of "consistency, finality and efficiency." *Id*. at 982. And a district court "is limited by [the Ninth Circuit's] remand in situations where the scope of the remand is clear." *Id*. (citation omitted).
>
> This is such a case. In its November 2023 decision, the Ninth Circuit clearly limited the scope of its mandate to resentencing only. The mandate does not permit Ezell to move to withdraw any of his underlying admissions on remand.

Dkt. #225 at 11.

Mr. Ezell did not address this obvious issue in his Motion.  On Reply, Mr. Ezell's counsel fails to respond to the above points.  He says only that he has "not waived the opportunity to request withdrawal of supervised release violations 1 and 5 because Mr. Ezell

ORDER DENYING MOTION TO WITHDRAW ADMISSIONS TO SUPERVISED RELEASE VIOLATIONS 1 AND 5 - 4

argues that he received ineffective assistance of counsel," and that his request meets both the "fair and just reason" and the "manifest injustice" standards. Dkt. #224.

The Court concludes that Mr. Ezell has no valid counterargument as to the limited scope of the Ninth Circuit's remand here and that the Government's analysis above is correct. The Ninth Circuit's remand has not in itself granted a new opportunity to withdraw Mr. Ezell's admissions, and the Court sees no other basis to allow this given the procedural history of the case. Accordingly, the Court need not address the Government's three other reasons and must deny this Motion. However, even if the Court were to consider the merits of the Motion, it would nevertheless find that Mr. Ezell's claims are unsupported and incredible for the reasons stated by the Government at Dkt. #225 16–17, and that the Motion would fail under either the "fair and just reason" or "manifest injustice" standard. Mr. Ezell relies on his own self-serving declaration, uncorroborated by any communications with his prior counsel or by any other evidence, and his claims are contradicted by the PSR, discovery, and Ezell's repeated statements to this Court. Mr. Ezell's long delay in bringing these claims would further weigh against granting the Motion.

Given all of the above, the Court concludes that the Ninth Circuit's remand is limited to the single sentencing issue raised, and that Mr. Ezell is precluded from raising the issues in this Motion. Accordingly, having considered the briefing and the remainder of the record, the Court FINDS and ORDERS that Mr. Ezell's Motion, Dkt. #220, is DENIED.

DATED this 16th day of September, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO WITHDRAW ADMISSIONS TO SUPERVISED RELEASE VIOLATIONS 1 AND 5 - 5